I think the clerk informed you that you each had five minutes on your fly however you divide your time. Admittedly, this is a little bit confusing for me to argue. I'm assuming that the underlying facts probably don't matter as much as what the argument is about the law. In each Stolte and Adams, the issue is the same, whether it's the 9% interest applies. In Adams, it was a much larger case. Stolte, not as much. It just so happens that counsel and I came across these two cases at the same time with the same lawyers involved. I'm sorry, did you introduce yourself? I'm sorry, I'm sorry. You spoke first and I forgot. My name is Eric Kirkpatrick and I represent the petitioners on both of these cases. And in Adams, the St. Clair County Court ruled that the 9% interest statute applies, the civil interest statute applied. And in Spayette County, the judge decided just the opposite, all within just a couple of months of each other. Aren't there some cases that control this? No. No, really? Sunrise and Ratavich? That's right, and I'm prepared to tell you why. Okay. Okay, and here's why. They relied on a section of the administrative review law that's inapplicable to workers' compensation cases. Sunrise, I don't believe, did. You're talking about St. Clair County, I believe, on this particular case. In Sunrise, Your Honor, the only thing that they considered, the only thing that the petitioner's attorney filed was a 19G. And that's the argument that is, that's the fine line here, okay? There are two different things going on. One is 19G, and that's all that was filed in Sunrise. The court, if you read that case closely, the court did not consider the argument that is being made here. And that is, that simply the circuit court's judgment, once they affirmed and made that a final decision, which by definition, it meets the definition of a judgment, once that circuit court ruled, then that 9% is automatically invoked. You see, 19G doesn't pertain to interest, Your Honor. That pertains to enforcement of penalty, enforcement of an award that was otherwise not appealed. And what you get with 19G are interest, excuse me, penalties and attorney fees. It does not address the issue of interest. And here's where else, this is why I wish that I was handling Sunrise, because I would have included in it a petition, like on this one, that I just want the civil interest statute to apply based on the circuit court's judgment. That wasn't done in Sunrise. Sunrise simply said, basically, it's a 19G, paying the award is the defense to a 19G. What I'm alleging, again, is that the civil interest statute, 2-1303, applies once that circuit court rules. Now, I want to define a couple of things. One is the final judgment. I know that this court, if it comes up and it's one that the circuit court has said, we remand this back to the commission or something of that nature, that is not a final decision, as you said. That is not a final decision for you guys to review. It goes back and then it goes back up the river if it needs to. But, according to the work compact, you get your jurisdiction to hear cases under Supreme Court Rule 303, which says that you only can hear final judgments. That's essentially what it says. You get your jurisdiction once the circuit court makes a final judgment. If that circuit court's judgment is not final, you can't hear it. You don't have jurisdiction to hear it, and this court has said that, as I mentioned. I'll agree on that. Now, the interesting thing is, and these arguments are all over the place. You have 19N involved, you have 19G, and counsel's done a very good job of proving to me that he knows the work compact very well. But, let's not get confused. To me, this is very simple. And this is very simple because Section 19G, which counsel believes is the only way that a judgment can arise, opposing counsel believes is the only way a judgment can arise, can absolutely 100% coexist with the civil interest statute. Okay? Here's why. As I said, the civil interest statute applies to interest only. That arises from a judgment. We know that. 19G, as I said a second ago, is a means of enforcing an award that is otherwise not enforceable. It gives key to an arbitrator's decision or a commission's decision, and it allows somebody such as myself, who represents petitioners, to take a case, a commission decision where the insurance company hasn't paid it, and take that up to the circuit court and say, here, nobody's appealed. Thank you to file that, but no appeal can be pending. Here, no one has appealed. They haven't paid the award within this post period of time. I want my penalties. I want my attorney fees. And then when the judge enters that order on the 19G and says, okay, they're ordered to pay it, then they're ordered to pay the penalties and attorney fees, hopefully, for penalizing them, that then does become final judgment as well. So it's not that 19G has to be the only way that a judgment arises on a work comp case. It can also come, like it did here, from the very appeal, I mean the very fact that the circuit court ruled in both cases. Well, you're making some logical arguments, but you haven't talked about the Radosevich case yet. I will explain that one. Now, it's time to explain that one. Okay, now. Or explain away that one. Well, I think Radosevich, let me explain something to you. If I may, this is kind of off the thing, but I'm going to explain to you with counsel's permission how we came to this situation. Can I tell you? I mean, my experience versus your experience. This, I practiced in southern Illinois in some of this way. For years, quite frankly, I was able to convince opposing counsel, when there was an appeal to the circuit court, and it came up here, particularly many with Peabody, that they owed 9% interest based on the Radosevich case, which counsel was part of. So fast forward several years, this Adams case comes along, and it just so happens that Mr. Elward's experience has been that he has never paid 9% interest. He's always been able to convince the opposing counsel that 19N followed all the way through. Is that correct? So when the two of us came together on this, I said, just like I had to. It was the irresistible force versus the immovable object. Essentially. But it is sort of, and then we ended up with two cases at the same time. Now, that is why this is, I mean, I started dissecting this thing, and with the opposing counsel, I always used Radosevich. But Radosevich was a 19G, and counsel's right on that. Radosevich is a 19G. What Radosevich, if you read it, actually stands for, or what I would cite Radosevich for now, now that I've done the rest of the research on the civil judgment statute, the civil interest statute, and 303, Supreme Court Rule 303, and 19F and 19N. What Radosevich stands for, as far as I'm concerned, is it's just another one of those cases that are out there that says once there's a judgment entered, that interest goes back to the day of the arbitrator's decision. That's all that Radosevich is good for. Now, as I said, I relied on that case in convincing many opposing counsel to pay me 9% interest. Now, most of those cases didn't have an underlying medical judgment of $225,000, so maybe I was fighting a battle that they thought I was winning, and they just didn't really care. But the point being, Radosevich doesn't need much explaining because after reviewing all this, Your Honor, that case is insignificant to the argument that I'm making, which is to get jurisdiction here, for you guys to even hear a case, that judgment has to be final, and that's final determination on the merits. That came with the circuit court in each of these cases. Without that, you don't have it. And there's no case that says 19G is the only means by which something becomes a judgment. If you think about it, if that were the case, you wouldn't see any cases. You want to explain what the second paragraph in 19N means? I'm sorry, 19F? N. 19N? Yes. 19N applies to interest for the arbitrators and commission decisions. It is silent on anything having to do with the… Oh, no, it's not silent. The employer or his insurance company may tender the payments due under the award to stop the further accrual of interest on such award, notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court, other steps to reverse or vacate or modify the award. So if something is on appeal to the Supreme Court or is here under certiorari, as it used to be, then in that particular case, it would seem to me that under 19N, interest is continuing to accrue at the rate set forth in 19N, unless and until the insurance company tenders the payment. That's not the way that I read it. Well, that's the way I read it. Well, let me explain to you why I have the opinion that I do. I think that that's inconsequential because that is – I've got it in front of me now. That is a paragraph that is permissive. That's just a saying for the employer or his insurance carrier. May tender payments due to stop the interest. What interest? What interest are they stopping? The interest under 19N. You're right. So if they don't tender the payment, the interest continues to accrue under 19N, and 19N is the comparable rate of interest. It is not the rate of interest under 2-1303. First paragraph in – I believe it's the first paragraph. It says, after June 1984, decisions of the Workers' Compensation Commission, reviewing an award of an arbitrator or commission. That's what 19N applies to. I believe – Well, wait a minute. Hold on. Let's talk about the second paragraph. What does it mean? I don't think – What does it mean if they don't tender the payment? If they don't tender the payment, then that means that 19N interest runs until the circuit court rules, which is where you're – Wait a minute. It says, further accrual of interest on such award notwithstanding the prosecution of either party of review, certiorari, appeal to the Supreme Court, or other step to reverse. If you take that statement and you say, okay, they can stop the accrual of interest during certiorari, during appeal to the Supreme Court, during other steps to reverse, vacate, or modify, if they pay it. If they don't pay it, they don't stop it. And when you're talking about what is it they're going to stop, this can only refer to the first paragraph of 19N, workers' comp interest rate, or it has no meaning. I disagree. And the reason I disagree has to do with reading all of these. But in summary to your answer, I don't think that you can read just one paragraph of this without including the other. I am including the other one. The other one says the interest rate. I believe if the legislature intended for 19N interest to apply all the way through, Your Honor, I believe they would have said something to that effect within 19N. Now hold that thought for a second. Instead, what the legislature did was in Section 19F, they outlined, and this is part of the reason why I believe my position to be true, they outlined procedures for appeal to where? To the circuit court. How to get to the circuit court. Beyond that, what rules do we follow to get here? I think Supreme Court Rule 2219F refers to 22G and 301 and 303. Primarily 301. Excuse me, 303. But to get here, to get to the circuit court, they tell us what steps we have to go through. And it used to be a lot worse than what it is now. But they don't outline in that. When they perfectly have the opportunity, they don't mention that your jurisdiction arises from the Comp Act. Your jurisdiction arises from the Civil Act. And that's the crux of the whole thing. That, to me, is why this is very simple, is because the statutes go to a certain point, and they say, at this point, it becomes civil matter. You follow the rules that everybody else does on every other kind of case, with the exception of some rules I probably haven't read. But jurisdictionally, we're here under the civil statute. Once that circuit court rules. I think that if the legislature intended otherwise, see I've got a red light. No, just paint your stuff. Okay. I think that if they would have intended otherwise, that would have been stated somewhere along the line. And this truly is, based on my fine art and detail, a first impression. But I'll respond. You'll get a reply. Yes. Sorry for not noticing the red light. That's fine. Counsel will respond. Thank you. Brad Elwood on behalf of Dobbs Tire and St. Anthony's Memorial Hospital. I guess I want to start out with a couple quick comments that address Mr. Kirkpatrick's arguments. I think the overriding problem that he has today is that there's no authority to support the arguments that he's making. And if the court were to adopt his argument, you would have to address contradictory cases from this court and the Illinois Supreme Court in the language of multiple statutes. And I'd like to get into that in a second after I address the comment from the court with respect to the Vrdosevich case. What that case stands for, and I don't necessarily agree with it, but what it stands for is simply this, where an employer does not tender the complete award or is tardy in tendering the complete award and the employee is forced to file a 19-G to seek enforcement and to register the judgment. When that judgment is entered, the circuit court can then apply 213.03 interest, commencing that day and reaching back to the date of the arbitration award. That's what Vrdosevich stands for. That does not say that 213.03 interest applies to any case that's appealed, which is what counsel's trying to argue. You have to have a situation, which we don't have here, where the employer does not pay the award or appropriate interest under 19-N and the employee is forced to file a 19-G and have a judgment entered. It's kind of a penalty. Counsel talked about attorneys using costs. Now, he hasn't sought those here. But that's an option under 19-G for an employer who's vexatious in their delays. But the other punitive aspect of that is that the courts allow 9 percent judgment interest to reach back from the date of that circuit court judgment. Forget about what the courts allow. 213.03 provides for exactly that. Oh, exactly. That's what it's based on. It's not what the courts allow. It's the statute allows. I agree with you. I'm not arguing with you on that at all. That's exactly where they got it from, from the statute. I'm just saying that that's how the court has applied the language of that statute, and you've made that observation perfectly, Your Honor. Counsel argues that Rule 303 gives this court the ability to look at a circuit court's ruling, confirming a commission's decision, because it's a final judgment. That statute talks about final orders. And the problem that we have is there are two ways. Esquivel talks about this in his case at 159. Esquivel tells us that there's two ways that a circuit court can take jurisdiction of a workers' comp case. One is under 19F on a judicial review, and two is under 19G to reduce it to judgment, a commission's award to judgment, and to enter enforcement proceedings. Now, I think the thing that's missing in counsel's argument is this. Your Honor, Justice Hoffman brought up the question of 3-111.8 of the administrative review law and asked counsel a question about that. I'd like to address it just briefly, because that did form the large part of the circuit court's ruling in the Dobbs-Hyre case. That has no application here. What that rule does is in an administrative review setting, it says a circuit court has the power in an administrative review under the ARL to then enter judgment and to award interest on that. That does not apply here for these reasons. As you know, when we look at an administrative review decision, it's simply disposed of. The Workers' Compensation Act did not adopt an administrative review law. Exactly. And we argued that over and over. You don't have to go into any more of that. Thank you. So that leads us to the next point. Our position is that Sunrise does apply here. And Sunrise is a case, I think, where it looked at the fact pattern it had before, and it said in Sunrise that the employer had paid the award and had paid the appropriate interest well before the petitioner had ever filed a 19-G. And it said in that situation, 19-G is not implicated. And we recall from the case law that a defense, a complete defense to a 19-G action is for an employer to walk into that circuit court and say, I paid. I paid everything I'm owed. Well, that's exactly what happened here. We paid both of these decisions within a month of them becoming final from the appellate court, and we paid the 19-N interest that was due at that point. So there was no judgment after that? Pardon me? There was no judgment entered before you paid? No, there was not. Okay. No, there was not. And so that leads us to a question is, how do you make a circuit court's order confirming a commission's decision a judgment? Well, we know from the cases that we cited, Black, Aurora, East, that a commission's decision itself is not a judgment. So we know that as a starting point. So then we ask ourselves, well, what can a circuit court do on judicial review? And the cases that we cited that go back almost 100 years, in both briefs we cited the long-line Supreme Court cases that say a circuit court setting as a reviewing court under 19-F has very limited powers, which we know include reversing and confirming. And there's also some provisions if the court reverses and remands what it can do in accordance with the law. But what is missing from that is the exact language and I'm just referencing this, but the exact language that we see in the administrative review law to enter judgment and to enter interest. And those cases that we cited, specifically Otis Elevator, Interlake Steel, Jurgens Brothers, Baum, all of them say the same thing, that a circuit court sitting on judicial review under 19-F does not have the authority to enter judgment, to award interest, to award costs, to award attorney's fees. Its powers are limited. So if its powers are limited and it can't enter judgment, how can then 213.03 apply when it's limited to the application from a judgment? And so that gets us back to some of the questions that Justice Hoffman asked earlier. 19-N controls in a case, and this is what Sunset says, 19-N controls until we get a situation where an employer is essentially in default on payment. They're not paying the award, they're not paying all of the award, or they've delayed it, or they're not paying interest. At that point, the petitioner can come in to the circuit court, file a 19-G, and get judgment entered. And if there's anything that's remaining and the court reviews that the award wasn't paid timely or whatever the grounds, it can enter judgment. And on the unpaid portions, it can award judgment interest. And that's the only time that 9 percent interest applies. I raise the issue because 19-N provides the workers' comp interest rate. Right. The second paragraph is a provision under which the accrual of interest stops when a case is on review, certiorari, appeal to the Supreme Court, or other steps. So my question is, if the payment stops the accrual of interest, what is the circumstance if payment is not made? If payment is not made, the interest continues to accrue. Yes. It will continue to accrue under the 19-N rate. Yes. In order to give this meaning. Because if that were not the case, you wouldn't need the second paragraph. Correct. And in the normal case, the normal case that we have that comes before you, it's a situation where the award has been entered against the employer, the employer appeals to the commission, to the circuit court, and comes before this court. And we lose all the way up. At that point, I decide I'm not going to file a petition for rehearing. I'm not going to ask you to send it to the Supreme Court. And I say to my client, time to pay. The check that we cut is the award. We adjust for any credits, and we calculate our 19-N interest. And just as Your Honor said, that's calculated from the date of the award all the way up until the day that we pay. And that's why when we issue the check, it's usually set 10 days out on interest. Now, on these rates, it's not a whole lot of money. But that's how it's done. And that's what we do. And there's nothing that allows us to look back into a circuit court's ruling on a 19-F and say, ah, your ruling affirming is a judgment. That doesn't match any language. It doesn't match any authority. It doesn't match the way this has been done. And I want to point out something. When you take a look, when you look at this in a long view of the history of interest in workers' compensation, I think it's interesting to ask, what did the courts do based on the statutes before we had 19-N in 1975? Well, the only interest that was available at that time was the precursor to 213-03, which was called Section 3 of the Interest Act. The only way you could get that is if you filed a 19-G. That did not apply to a workers' compensation case unless the employer was not paying. So that's why the legislature adopted 19-N. And that's why in the Bray case, we see the court saying this, it seems clear that Section 19-N was enacted to provide authority for the assessment of interest in those cases which are otherwise excluded from obtaining an award of interest under the Interest Act. So if counsel's argument is correct, Bray's wrong. And they behaved against the law for quite a while. So the point that we want to make here is that there's just absolutely no basis for this. Sunrise, I think, is exactly like what we have. And you probably noticed this from our brief. We cited a passage from Sunrise Assisted Living where the court outlined what the employer had done. And at the end of that, drew the conclusion that 19-G remedies were not available here because the award of interest had been paid. What we did is then we plucked out their employer and plucked in our name and listed it. It matches. It's 100% the same. Now, counsel says, well, we can't follow Sunrise Assisted because their counsel didn't raise this wise argument about looking at the circuit court's order confirming and saying that that order is, in essence, a judgment. But why would we? Because when we look at all the cases that we cited in our brief, the 100 years of authority, that would be wrong. And the other thing is, and I'll admit I didn't recognize this until counsel and I were in the middle of our briefing. And when I started learning work comp law, I used to go to Angerstein. It was considered the Bible for work comp law. And so I thought, I wonder what he says about this issue. And so I pulled up that. And interestingly, and we put this in our appendix at page A54 and 55 of the Dobbs Tire. But Angerstein, commenting on the status of work comp law and appeals in judgments for circuit courts, he says in section 2192, commission decisions are not the same as judgments in courts of law as regards to the method of collection and enforcement of payment. But more importantly, and this is the killer, he goes on and says, even where there is a review of an award by the circuit court and such court affirms the award, the circuit court in its judgment or order cannot direct payments of the award and cannot order execution. They word it differently, but they cannot order execution. That passage says it all. That's this case. Counsel has never addressed that in any of the pleadings in any of the briefs. Never really gotten into a discussion of Juergens Brothers, of Otis Elevator. Those cases define the scope of 19-F appeal power for the circuit court. Where in that is inter-judgment? It's not. And that's the essence of our argument in this case. We do think this is a case that Sunrise Assisted Living is governing. And we ask you to affirm at least the Stolte cases, I call it, on those grounds. We ask you to reverse the Dobbs Tire. One thing I'm going to do, too, is I'm just going to kind of jump ahead here. And I'd just like to say this. This is a hot issue. Counsel kind of pointed out the background that we both bring to the table in our experiences. Whatever you do, publish this thing, please. This needs to be clarified. The time, the money, the effort that Counsel and I have made in this case. I'm sure you've read the record in the Dobbs Tire case and seen the number of hearings that we had, the number of papers that we filed. Please resolve this and make this available for everyone to look at, whatever it is that you decide to do. Now, I think in this case, you know, a lot of times I come to this court and you'll say, well, what would you have us hold, Mr. Elwood? How would you have us rule this case? Well, I think this case is simple. What we're asking you to do is say that 19G is inappropriate in this case and where an award and Section 19 interest have been paid prior to those petitions being filed. Second, full payment of the award and interest is a complete defense to a 19G proceeding, which is already the law. Third, we need you to address the argument that Counsel is raising about the effect of the circuit court orders confirming judgment. It is not a judgment for the purposes of enforcement. Commission's decision is not a judgment. And the circuit court, because of 19F, lacks the authority to do that. You said circuit court orders affirming a judgment. Yes. Circuit court order affirming a commission's decision is what I meant. Yes. No, I'm not trying to change the ballgame. You're throwing the word judgment. Well, you can see the difference. Over the years, I think a lot of people have been a little loose in their referring to what a circuit court does. It enters an order confirming or reversing and remanding. And it's not a judgment. Remanding what? Affirming or remanding what? The decision of the commission. Oh, okay. Which we know is not a judgment. Thank you. Thank you, Counsel. You'll have also a reply. Thank you. Mr. Kirkpatrick. Could you tell me the meaning of the sentence in 19N that says, interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments. What does that mean? To me, because it specifically refers to an award of the arbitrator or commission. You're not reading the next sentence, then. However, when an employee appeals an award of the arbitrator or the commission and the appeal results in no change or decrease in the award, interest shall not further approve from the date of such appeal. So it occurs to me that if there is no appeal, then interest continues to run until the date of payment under 19N. It doesn't run under 1303. Back to your original question, I think that you're misreading it, in my opinion. You're misinterpreting the intent of that particular sentence that starts out with, however, when an employee appeals an award. What that is referring to, Your Honor, is if I have a case that I win and I don't like my permanency award. And you ask for more. And I go and ask for more and I lose. And you don't get any more. The interest stopped the day you filed the appeal. Correct. That's exactly what the sentence says. That's exactly what it means. But if you don't file the appeal, when does interest under 19N stop? If I don't appeal an arbitrator's decision? If you don't appeal a commission's decision, when does the interest stop? The interest stops when you pay. Let's take this in piecemeal. If I don't appeal the arbitrator's decision and they pay within 30 days, I don't think that they owe any interest. 19N applies through the commission decision when I have filed an appeal and only when I've gotten an increase in the award. Yes. Okay. Now then, when we get to the circuit court and there is a judgment, that's where it changes. But when you say there's a judgment, his argument is really a simple one. The circuit court is a reviewing court. It is not a trial court. So the only thing the circuit court really does, we talk about the affirmed judgment. No, they confirm a judgment. They confirm a judgment or a decision of the commission. It is not a judgment in the classic sense of one entered by the circuit court as a trial court. It's still a commission decision. They enter an order, don't they? They don't enter any judgment and direct review, do they? Well, it depends on how the judge writes it up, quite frankly. Is there a difference between a judgment and an order? I don't think so. That's because I'm going to read you the definition of a judgment, which I think would be the same as an order. A judgment is a final consideration and determination of a court upon matters submitted to it in an action or proceeding and is a judicial act of the court. My argument is very simple as well, and that is to get here, we can't get here without a judgment. So if you're saying that when the circuit court rules on something like this, that that's not a judgment, your job is done. We don't need to be here. We can't be here by the Supreme Court ruling. It's not considered a judgment by definition of 303. We can't be here. Let's look at the calculation here just briefly. Okay, so you take up from the action of the circuit court a review before our court. Yes. And you are not successful. Kind of the analogy, like from a commission, from what date does that interest accrue or not? You know? From the date we enter our order or from the date the circuit court? Well, see, that's where I honestly will tell you I think that that hasn't been specifically addressed, but my position is, based on some of those cases that have awarded a 19-G, they have said that it goes back to the date of the arbitrator's decision. So I think you then look at what they did in those cases when there was a 19-G judgment, and you look backwards. One of the things that I want to point out here, and I don't think we're sorry. We're back to the same thing. When they say the interest goes back to the date of the arbitrator's decision, they say that because that's what the statute provides for. What's that? Well, the statute says when judgment is entered upon any award, report, or verdict, interest shall be computed at the above rate from the time when made or rendered to the time of the entering of the judgment of same. So when it's entered on an award, judgment is entered on the award. The judge can order, shall actually, order interest all the way back to the date of the award. Not the judgment. It's to the award. It specifically says so. I'm sorry. I misunderstood which statute you were referring to. I'm looking at 1303. Oh, okay. So all these cases you're talking about, the case says this, the case says that, case only says it because that's what the statute provides for. So when they enter a judgment, when they enter a judgment under 19G on an award, they enter interest all the way back to the date of the award because that's what 1303 says. I agree. I suppose I agree with that. Now, at the same time, I will also agree that an arbitrator's decision standing alone is not a judgment. A commission's decision standing alone without an award gets the award. But once it gets to the circuit court, it's a judgment. Now, if one last thing that I don't think can be ignored, and I promise, is the purpose of the civil interest statute is deterrent for frivolous appeals, I think. And under 19M, you know, the statutes and the compacts say, you know, appeals are supposed to be done, the commission is supposed to be ruling within a certain period of time. It never happens. And there's nothing for us to do about it. But if there is nothing to prevent, you know, a 0.6% interest or something like that, there's little deterrent for an employer or an insurance company to not go ahead and file an appeal. It may be why you're hearing all these manifest weight arguments constantly that I've listened to for two days, you know. So I think that is it. May I finish? Thank you. Thank you, Counsel. Counsel, you may reply. Thank you. The counsel's problem with the interest rate, I think, historically has been one that both sides have had, but the resolution is not in this room. It's across the street at the court. The General Assembly's the answer for that. Counsel says that interest – The fault isn't across the street. The fault is the fluctuation of interest rates depending on what the economy is doing. If this were under the Carter administration when interest was 17%, you'd be awful happy to get the 19N award as opposed to the 9%. It's an economic factor. It's not their problem. Well, when the interest rate, when 19N was enacted in 1984, the actual T-bill rate was 13%. So it does fluctuate and it does impact both sides. My point is this. If someone wants to change it, they can say it's the same across the street at the General Assembly. Counsel says that the interest is punitive. No, it's not. It's compensatory to make sure that the petitioner doesn't lose the value of money throughout the course of the appeal. In the opinion in the Dobbs case, they made reference to the fact that the difference in the treatment of the parties in 19N was an indication that the General Assembly wanted to punish employers who appeal and file frivolous and meritless cases. Counsel says somewhat referred to this. No one has ever claimed that the appeal in either of these cases, the ones that already have been decided by you, were meritless or frivolous. And as Your Honor pointed out in the other cases before us today, Rule 375 governs that for the appellate court. 135 governs that in the trial court. If there's something frivolous about an employer's appeal, there are remedies that can be undertaken. It isn't through 19N. And if the employer is going to just run renegade and not pay the award and make the petitioner drag them to the circuit court on a 19G, they can get the judgment standard, at which time they get 9% interest, which Redocevich tells us reaches all the way back to the date of the award. They run the risk of attorney's fees and costs. So there's a punitive element that can be imposed in the right circumstance. But when we go back to Sunrise Assisted Living, in this case, we ask the simple questions. Did the employers in these two cases pay the award before a 19G was filed? Yes. Did they pay 19N interest that was on that amount of the award before the 19G? Yes. Full payment is a defense to a 19G. They're trying to put the cart before the horse and saying, yeah, I understand all that, but when we get to the circuit court and we reduce this to a judgment, we can then put 9% interest and under Redocevich have it all the way reach back to the award. Well, you can't. Because you never get a 19G if the employers have paid the award and have paid the interest. You can't then run in and say, well, I'm going to record this. What's there to record? It's been paid. His argument would have been you didn't pay all the interest. Well, now that's a different argument, but you can't go back and say that my interest, up until the point of my payment under 19N, was Section 9 if it's not triggered yet. And that's what they're trying to do. I never had, if my 19N interest was not adequate, yes, absolutely, in some of the cases. Well, I think what he's saying is at the time the circuit court enters its judgment, he's owed interest at the 9% all the way back to the date of the award. And if you pay after the circuit court enters its judgment only 19N interest, you've not paid everything he's entitled to. Therefore, he gets to go back under 19G and say, give me the rest. That's exactly what he's saying. And my point is that that's circular, and there's no authority that allows that. And the council still refuses to address that 100 years of authority that defines what a circuit court can do. And it cannot enter judgment. Period. That's the law. Thank you. Well, thank you, Mr. Kirkpatrick and Mr. Ellworth, for your fine arguments this morning. These two cases consolidated will be taken under advisement, written dispositional issue. Safe trip.